UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-23652-GAYLES

**JERREL KENEMORE, et al.,**

    Plaintiffs,

v.

**NICOLAS MADURO MOROS, et al.,**

    Defendants

_____/

## ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE

**THIS CAUSE** comes before the Court on Plaintiffs' Expedited Motion for Alternative Service Under Rule 4(f)(3) and 28 U.S.C. § 1608(b) (the "Motion"). [ECF No. 13]. The Court has reviewed the Motion and the record and is otherwise fully advised.

On August 14, 2025, Plaintiffs filed their Complaint alleging violations of the federal Anti-Terrorism Act, 18 U.S.C. § 2333 *et seq.*, the Florida Anti-Terrorism Act, Fla. Stat. § 772.13, and the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* against Defendants Nicholas Maduro Moros ("Nicolas Maduro"), The Cartel of the Suns A.K.A. Cartel de los Solos ("Cartel of the Suns"), Petroleos de Venezuela, S.A. ("PDVSA"), Corporacion Venezolana Del Petroleo ("CVP"), Vladimir Padrino Lopez ("Padrino Lopez"), Maikel Jose Moreno Perez ("Moreno Perez"), Nestor Luis Reverol Torres ("Reverol"), Tarek William Saab ("Tarek Saab"), Jorge Jesus Rodriguez Gomez ("Jorge Rodriguez"), Delcy Eloina Rodriguez Gomez ("Delcy Rodriguez"), Diosado Cabello Rondon ("Diosado Cabello"), and Alex Nain Saab

Moran ("Alex Saab") (collectively the "Defendants").[1] [ECF No. 1]. Plaintiffs now move to serve Defendants, all citizens of Venezuela, via alternative means.

In the Motion, Plaintiffs argue that Defendants cannot be served in Venezuela through conventional methods such as the Hague Convention or the Inter-American Convention on Letters Rogatory. Federal Rule of Civil Procedure 4(f)(3) provides that service may be accomplished "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. 4(f)(3). *See also Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (holding that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.") (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)). Notably, alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

For the following reasons, the Court finds that alternative service of process under Rule 4(f)(3) is warranted here. First, the Hague Convention does not specifically preclude service via text, e-mail, or social media direct message. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as text, e-mail, or social media direct message. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and

---

[1] On November 3, 2025, the Court directed the U.S. Marshal's Service to effectuate service on Cartel of the Suns by serving Cliver Antonio Alcala Cordones, who is presently in the custody of the U.S. Marshal's Service. For purposes of this Order, the Court uses the term "Defendants" to mean all Defendants except Cartel of the Suns.

Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where, as here, a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Venezuela has not expressly objected to service via text, e-mail or social media direct message.[2] Consequently, service by text, email, or social media direct message in this case would not violate an international agreement. Accordingly, the requested service methods are not prohibited by international agreement.

Second, service via text, e-mail, or social media direct message is "reasonably calculated, under all circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1. Indeed, in five other cases in this District involving many of the same Defendants, alternate service via text, email, or social media direct message was permitted. *See Heath v. Maduro Moros*, 25-cv-20040-JB (S.D. Fla. Feb. 25, 2025), [ECF No. 20], *Perez v. Maduro Moros*, No. 24-cv-23719-JEM (S.D. Fla. Dec. 6, 2024), [ECF No. 29], *Holt v. Maduro Moros*, No. 24-cv-20701-CMA (S.D. Fla. Apr. 26, 2024), [ECF No. 14], *Alban Osio v. Maduro Moros*, No. 21-cv-20706-DPG (S.D. Fla. Sept. 23, 2022), [ECF No. 60], and *Marron v. Maduro Moros*, No. 21-cv-23190-FAM (S.D. Fla. Sept. 6, 2022), [ECF No. 33]. Accordingly, the Court finds that Plaintiffs have shown good cause to allow them to serve process on Defendants via text message, email, or social media direct message.[3] Therefore, it is

---

[2] *See* U.S. Dep't State—Bureau ConsularAffs., Venez. Jud. Assistance Country Info., https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/VenezuelaBolivarian Republicof.html (objecting only to service as specified in Article 10, subpart a).

[3] The Court finds that, to the extent PDVSA and CVP maintain they are agencies of Venezuela and therefore entitled to receive service pursuant to the Foreign Sovereign Immunities Act ("FSIA"), alternate service is permissible under 28 U.S.C. § 1608(b).

**ORDERED AND ADJUDGED** that Plaintiffs' Expedited Motion for Alternative Service Under Rule 4(f)(3) and 28 U.S.C. § 1608(b), [ECF No. 13], is **GRANTED.** Plaintiffs may serve the summons, a copy of the Complaint, and all other future filings and discovery in this matter through a link to the service documents as follows:

1. To Nicolas Maduro by text message to his personal cell phone;

2. To Padrino Lopez by (1) text message to his personal cell phone or (2) direct message to his Facebook account;

3. To Moreno Perez by (1) text message to his personal cell phone, (2) direct message to his Facebook account, or (3) email to his personal non-public email address;

4. To Reverol Torres by (1) email to his personal non-public email address or (2) direct message to his Instagram account;

5. To Tarek Saab by (1) text message to his personal cell phone or (2) direct message to his X account;

6. To Jorge Rodriguez by direct message to his X account;

7. To Delcy Rodriguez by direct message to her Instagram or X accounts;

8. To Diosado Cabello by (1) email to his personal non-public email address or (2) email to his work email address;

9. To Alex Saab by text message to his personal cell phone;

10. To CVP by (1) direct message on the Instagram or X accounts of Delcy Rodriguez, in her capacity as the current Minister of Hydrocarbons overseeing PDVSA and CVP or (2) by direct message to CVP's Instagram account. In addition, CVP's ad hoc board, appointed by the Venezuelan opposition, can be served by direct message on LinkedIn; and

11. To PDVSA by (1) direct message on the Instagram or X accounts of Delcy Rodriguez, in her capacity as the current Minister of Hydrocarbons overseeing PDVSA and CVP, (2) direct message on the Instagram account of PDVSA president Hector Obregon Perez, or (3) direct message to the LinkedIn account of PDVSA Vice President of International Affairs, Ronny Romero. The PDVSA Ad Hoc Administrative Board, appointed by the Venezuelan opposition, can be served by (1) direct message to the Facebook or X accounts of Horacio Francisco Medina Herrera or (2) its U.S. legal counsel, White & Case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of December 2025.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE