**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-23652-GAYLES**

JERREL KENEMORE, *et al.*,

Plaintiffs,

v.

NICOLÁS MADURO MOROS, *et al.*,

Defendants.
_______________________________________/

**DEFENDANT DELCY ELOINA RODRIGUEZ GOMEZ'S MOTION TO LIFT STAY TO ADDRESS PENDING MOTION TO DISMISS**

Defendant Delcy Eloina Rodriguez Gomez ("President Rodriguez") files this motion to partially lift the current stay of this action [ECF No. 80] so that the Court can issue a ruling on her pending motion to dismiss [ECF No. 61]. As discussed below, in light of recent developments, including the United States's filing of a suggestion of immunity [ECF No. 75], the Court should lift the current stay so that President Rodriguez's motion to dismiss can be addressed by this Court.

## BACKGROUND

On June 1, 2026, President Rodriguez filed a motion to dismiss the complaint, arguing, among other things, that dismissal is warranted based on President Rodriguez's status as Venezuela's head of state (the "Motion to Dismiss"). [ECF No. 61]. Before the Motion to Dismiss was filed, the Court had ordered the parties to brief whether this lawsuit should be stayed pending the Eleventh Circuit's ruling in *Meudy Osio, et al. v. Petroleos de Venezuela, S.A.*, No. 25-12365 (11th Cir.) ("*Osio*"). [ECF No. 33]. Plaintiffs submitted a memorandum contending that a stay was unwarranted because "delay would seriously prejudice Plaintiffs." [ECF No. 56]. Defendants Petróleos de Venezuela, S.A. ("PDVSA") and Corporación Venezolana del Petróleo ("CVP") submitted a brief arguing that a stay was warranted because the same core immunity questions

were before this Court and the Eleventh Circuit. [ECF No. 58]. President Rodriguez joined that brief. [ECF No. 58].

On July 1, 2026, the Court entered an Order staying this matter for 90 days "[i]n light of (1) the interlocutory appeal in *Osio v. Petroleos de Venezuela, S.A. (PDVSA)*, No. 25-12365 (11th Cir.) addressing whether the commercial activities exception to the Foreign Sovereign Immunities Act applies to PDVSA and (2) the recent natural disaster in Venezuela." [ECF No. 72]. On September 30, 2026, the Court extended the stay through November 18, 2026. [ECF No. 80].

In the interim, on July 20, 2026, the United States filed a suggestion of immunity requesting that the Court dismiss all claims against President Rodriguez without prejudice. [ECF No. 75].

## **ARGUMENT**

As recently confirmed by the United States government, President Rodriguez, as Venezuela's head of state, is immune from suit while in office. Accordingly, although President Rodriguez agrees that the Court should largely continue the stay in this matter until the Eleventh Circuit issues its ruling in *Osio,* that ruling should not implicate President Rodriguez's immunity claim and thus should not delay the resolution of the pending motion to dismiss. Accordingly, the stay should be lifted so that President Rodriguez's immunity claim can be adjudicated by this Court.

Indeed, immunity from suit is an issue that should be addressed promptly since the party that is immune is otherwise forced to remain a participant in the litigation. This is why the United States Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Cf. Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (discussing qualified immunity afforded to law enforcement and citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Davis v. Scherer*, 468 U.S. 183, 195 (1984); *Mitchell v. Forsyth*, 472 U.S. 511, 526,


GELBER SCHACHTER & GREENBERG, P.A.
ONE SOUTHEAST THIRD AVENUE ▪ SUITE 2600 ▪ MIAMI, FLORIDA 33131 ▪ WWW.GSGPA.COM

(1985); *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). The rationale is that immunity is a privilege that provides "an immunity from suit rather than a mere defense to liability." *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009). Consequently, each day that President Rodriguez remains a defendant in this lawsuit is a day that her immunity is undermined.

Importantly, there is no meritorious argument that Plaintiffs can raise challenging President Rodriguez's immunity. On July 20, 2026, the United States filed a suggestion of immunity (the "Suggestion"). [ECF No. 75]. In the Suggestion, the United States explained that "[President] Rodriguez is the sitting head of a foreign state, Venezuela, who enjoys immunity from the Court's jurisdiction while in office." [ECF No. 75, p. 1]. Based on its determination, the United States explicitly requested that "all claims against [President Rodriguez] should be dismissed without prejudice." [ECF No. 75, p. 7]. This Suggestion is exempt from judicial review and requires complete deference.

Courts employ a two-part test to determine whether a foreign official is entitled to immunity. *Aljabri v. bin Salman*, 106 F.4th 1157, 1163 (D.C. Cir. 2024). First, the Court assesses whether the United States has filed a suggestion of immunity in the case. *Id.* (citing *Samantar v. Yousuf*, 560 U.S. 305, 311, 130 S. Ct. 2278, 176 L. Ed. 2d 1047 (2010)). If it has, then the Court defers to that determination and "lack[s] jurisdiction over the defendant." *Id.* This longstanding principle recognizes the separation of powers between the branches of government and the Executive Branch's role in foreign relations. *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 486 (1983) ("[T]his Court consistently has deferred to the decisions of the political branches—in particular, those of the Executive Branch—on whether to take jurisdiction over actions against foreign sovereigns and their instrumentalities."); *see also United States v. Bankasi*,

120 F.4th 41, 47 (2d Cir. 2024), cert. denied, 146 S. Ct. 97 (2025) (detailing the history of judicial deference to the Executive Branch's immunity suggestions).

As the foregoing makes clear, the Suggestion requires that this Court dismiss President Rodriguez from this case. Lifting the stay so that the Court can perform this function would be consistent with Plaintiffs' own position regarding the limits of the stay. Notably, Plaintiffs successfully argued that the stay should not apply to the defaulted parties and that Plaintiffs should be permitted to continue to pursue their claims against those parties. [ECF No. 72 (excluding from the stay the requirement that the parties confer regarding a proposed final default judgment as to the defaulted defendants)]. Further, in connection with their claims against Alex Saab, Plaintiffs have argued that the stay should be lifted because "[t]he two grounds on which the Court stayed this action, an interlocutory appeal concerning PDVSA's sovereign immunity and a natural disaster in Venezuela, have no application to Saab." [ECF No. 83]. Having taken this position, Plaintiffs cannot now contend that the grounds for the stay—which have no application to President Rodriguez's claim of immunity—should in any way prevent the Court from ruling on President Rodriguez's motion to dismiss.

This issue is simple. The United States has filed a suggestion of immunity and requested that this Court dismiss President Rodriguez from this case. Well-settled law requires the Court to defer to this determination. There is no legal basis supporting President Rodriguez's continued inclusion in this lawsuit, and her continued presence as a party in this lawsuit undermines the very immunity to which she is entitled.

Accordingly, President Rodriguez respectfully requests that this Court partially lift the current stay so that her immunity claim can be adjudicated.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Counsel for President Rodriguez, before filing this motion, conferred with Plaintiffs' counsel, who object to the requested relief.

Dated: November 10, 2026

Respectfully submitted,

*/s/ Barbara R. Llanes*

BARBARA R. LLANES
Florida Bar No. 1032727
bllanes@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
DANIEL R. WALSH
Florida Bar No. 0124282
dwalsh@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

*Counsel for Defendant Delcy Eloina Rodriguez Gomez*